BRYAN, Judge.
 

 Harold Maurice Shaffer (“the husband”) appeals from a protection-from-abuse order entered by the Talladega Circuit Court after a proceeding conducted pursuant to the Protection from Abuse Act, Ala.Code 1975, § 30-5-1 et seq.
 

 Sherry Walters (“the wife”) filed a petition for protection from abuse against the husband on May 22, 2009. The petition alleged that the husband had abused her on May 13, 2009, by following her around “bumping” her with his stomach, by “threatening what he was going to do if [she] made him leave,” and by threatening to have his sister “jump on” the wife. The wife also stated in her petition that the husband had been belligerent, that he had intimidated her, and that he had caused her to fear for the safety of her 17-year-old daughter and her 4-year-old grandchild.
 
 [1]
 

 Following an ore tenus hearing on July 9, 2009, the trial court issued a protection-from-abuse order against the husband enjoining him from threatening to commit or committing any further acts of abuse and, among other things, enjoining him from
 
 *778
 
 contacting the wife. The husband was also ordered to stay away from the wife’s residence and place of employment. The husband filed a motion pursuant to Rule 59, Ala. R. Civ. P., to alter, amend, or vacate the protection-from-abuse order. The trial court denied the husband’s postjudgment motion, and the husband timely appealed. The husband filed a statement of the evidence as allowed under Rule 10(d), Ala. R.App. P.
 
 [2]
 
 The trial court approved the husband’s statement of the evidence after the wife made no objection, and it is included in the record on appeal.
 
 See
 
 Rule 10(d).
 

 The statement of the evidence prepared by the husband and approved by the trial court states that the wife testified that on May 13, 2009, “there was a bunch of screaming and door slamming.” However, the wife also testified that the husband had never hit her, had never harassed her, and had not tried to contact her. The wife later testified that nothing had happened on May 13, 2009. She stated that one of her family members had called the police on May 14, 2009, but the wife did not offer any testimony regarding what led her family member to call the police. The wife admitted that the officers responding to that call had determined that no abuse or violence had taken place and that no arrests were made.
 

 The husband testified that he and the wife were not yet divorced because the wife would not sign the divorce papers. The husband denied hitting the wife. The husband further testified that on May 14, 2009, he and the wife were having a discussion about retrieving the wife’s daughter’s cellular telephone from a toilet, which led to the wife threatening to call the police. The husband stated that he spoke with the police officers after they arrived and that the .police officers determined that no violence had taken place. According to the husband, the police officers then asked either the husband or the wife to leave the premises.
 

 On appeal, the husband argues that the trial court erred in entering a protection-from-abuse order against him in light of the fact that the wife did not prove any of the allegations of abuse contained in her petition for protection from abuse. The husband also argues that the wife failed to show that the husband had committed an act of abuse against the wife as defined in the Protection from Abuse Act.
 

 The Protection from Abuse Act defines “abuse” in § 30-5-2(a)(l), Ala.Code 1975, as:
 

 “The occurrence of one or more of the following acts, attempts, or threats between family or household members, as defined by this chapter:
 

 “a. Assault. Assault as defined under Sections 13Á-6-20 to 13A-6-22, inclusive.
 

 “b. Attempt. With the intent to commit any crime under this section or any other criminal act under the laws of this state, performing any overt act towards the commission of the offense.
 

 [[Image here]]
 

 “d. Criminal coercion. Criminal coercion as defined under Section 13A-6-25.
 

 “e. Harassment. Harassment as defined under Section 13A-11-8.
 

 [[Image here]]
 

 
 *779
 
 “g. Menacing. Menacing as defined under Section 13A-6-2B.
 

 “h. Other conduct. Any other conduct directed toward a member of the protected class covered by this chapter that could be punished as a criminal act under the laws of this state.”
 

 Pursuant to § 30-5-6(a), Ala.Code 1975, the wife was required to “prove the allegation of abuse by a preponderance of the evidence.” Our review of the statement of the evidence, as approved by the trial court, reveals that the only testimony provided by the wife regarding purported acts of abuse committed against her was a general statement about “a bunch of screaming and door slamming” that occurred on May 13, 2009. There is no indication from the wife’s testimony that the husband was the party who had screamed and slammed doors. Some of the allegations set forth in the wife’s petition for protection from abuse, if proven to be true, may have been sufficient grounds for issuing a protection-from-abuse order; however, the wife did not testify regarding any of the incidents alleged in her petition, such as physical contact by the husband, threats made against her by the husband, or her fear of the husband. In fact, the wife testified that the husband had never hit her, that he had never harassed her, and that he had not tried to contact her. Based on the record presented to this court, we cannot determine what acts of abuse were committed against the wife by the husband.
 
 [3]
 

 Because the evidence presented by the wife does not support a finding of any of the acts of abuse set forth in § 30-5-2, we are compelled to reverse the trial court’s judgment issuing a protection-from-abuse order against the husband.
 
 See Horton v. DeVan,
 
 829 So.2d 756 (Ala.Civ.App.2002) (reversing protection-from-abuse order when the acts alleged by the appellee did not support a finding of abuse as set forth in § 30-5-2(a)(l)).
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . It is unclear from the record whether the wife's daughter and the wife’s grandchild are biologically related to the husband.
 

 [2]
 

 . Rule 10(d) provides, in pertinent part:
 

 "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection.”
 

 [3]
 

 . We note that the wife did not file a brief with this court on appeal.